IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TERRY LOUIS HERCUTT,  :  Case No. 3:13-cv-162

    Plaintiff,

                                   District Judge Walter H. Rice
vs.  :  Magistrate Judge Michael J. Newman

JUDGE DENISE L. CROSS, *et al.*,

    Defendants.  :
_____

### REPORT AND RECOMMENDATION[1]
_____

This is a *pro se* action arising from contentious divorce proceedings in Montgomery County, Ohio.[2] Plaintiff complains that the named Defendants -- Montgomery County Domestic Relations Judge Denise L. Cross and Magistrate Annette McGee Wright -- wrongfully denied his motion for contempt against his ex-wife. *See* doc. 1. The appropriate course would have been for Plaintiff to challenge that decision in the Montgomery County Court or to file to an appeal to the appropriate state court. Instead, Plaintiff seeks to collaterally attack the decision by filing a civil lawsuit against the presiding judicial officials in this Court.

This matter is before the Court pursuant to a Fed. R. Civ. P. 12(b)(6) motion to dismiss filed jointly by Defendants Judge Cross and Magistrate Wright (doc. 4); *pro se* Plaintiff's memorandum in opposition (doc. 9);[3] and Defendants' reply memorandum (doc. 10).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] The Court notes that *pro se* Plaintiff paid the full filing fee in this case. *See* doc. 2.
[3] Plaintiff's memorandum in opposition to Defendants' dismissal motion was filed four days late, despite the Court's Notice to Plaintiff advising him of the filing deadline. *See* doc. 5. Nonetheless, recognizing Plaintiff's *pro se* status, and in the interest of justice, the Court considers the merits of Plaintiff's opposition memorandum.

**I.**

In June 2011, Plaintiff filed a motion for contempt against his ex-wife in the Montgomery County Domestic Relations Court, claiming she had taken or destroyed the property awarded to him in their divorce proceedings. *See* doc. 1 ¶¶ 9, 10. Following several hearings on the matter, Magistrate Wright issued a decision denying his motion for contempt. *Id.* Plaintiff filed objections to Magistrate Wright's decision. *Id.* One month later, Judge Cross issued a decision overruling his objections. *Id.* ¶ 11; *see also* doc. 9-3 (Judge Cross's Decision and Judgment attached to Plaintiff's opposition memorandum).[4]

In his complaint, Plaintiff specifically challenges one statement in Judge Cross's decision -- that the transcripts of the contempt hearings were not requested and therefore unavailable for the Court's review. Doc. 1 ¶ 11. He claims that Judge Cross and Magistrate Wright committed perjury in violation of 18 U.S.C. § 1621 because, contrary to Judge Cross's statement, he had requested the contempt hearing transcripts. *See id.* ¶ 16. Further, Plaintiff makes a general assertion that Defendants acted in an "intentional, willful, wanton, [and] malicious" manner and with a "reckless disregard of [his] legal rights." *Id.* ¶ 15. Plaintiff requests that Defendants be "enjoined from further unlawful conduct" and "dismiss[ed] from [their] jobs." *Id.* ¶ 16.

**II.**

While *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

---

[4] The Court may consider Judge Cross's decision (doc. 9-3) -- attached to Plaintiff's opposition memorandum -- in ruling on the Fed. R. Civ. P. 12(b)(6) motion to dismiss because it is a public record. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

The dismissal of Plaintiff's complaint is warranted on several grounds. First, Plaintiff is attempting to challenge what occurred in the Montgomery County Domestics Relations Court. His proper remedy, however, is to file an appeal in the appropriate Ohio Court of Appeals, not challenge the Domestic Relations Court's Order here, presumably under 42 U.S.C. § 1983. *See McCormick v. Braverman*, 451 F.3d 382, 393-96 (6th Cir. 2006) (explaining that federal district courts lack subject matter jurisdiction, under the *Rooker-Feldman* doctrine, over claims that attempt to appeal a state court judgment); *accord Kinter v. Boltz*, No. 3:12-cv-85, 2012 U.S. Dist. LEXIS 96482, at *5-9, 2012 WL 2871623, at *2-3 (S.D. Ohio July 12, 2012) (Rose, J.; Newman, M.J.), *aff'd*, No. 12-4167, 2013 U.S. App. LEXIS 12540 (6th Cir. May 1, 2013).

Second, Plaintiff challenges acts performed as judicial functions; accordingly, Judge Cross and Magistrate Wright each are entitled to absolute judicial immunity.[5] *See Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). His allegation -- that Judge Cross and Magistrate Wright acted in an "intentional, willful, wanton, malicious, and reckless" manner -- does not save his claims from dismissal because their absolute immunity would apply even if he could prove this were true. *See Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (finding that judicial immunity applies to "acts performed maliciously and corruptly as well as acts performed in bad faith or with malice").

Third, with respect to his perjury allegations, Plaintiff fails to state a claim under 18 U.S.C. § 1621, as there is no private right of action to enforce that criminal statute. *See Am. Postal*

---

[5] Judicial absolute immunity applies equally to state court magistrates. *Cf. Littleton v. Fischer*, 530 F.2d 691, 692 (6th Cir. 1976) (applying judicial immunity to state court referee).

3

*Workers Union v. Indep. Postal Sys. of Am., Inc.*, 481 F.2d 90, 93 (6th Cir. 1973) (noting there is generally no private right of action under a federal criminal statute); *accord Nicole Energy Servs. v. McClatchey*, No. 2:08-cv-0463, 2010 U.S. Dist. LEXIS 6025, at * 17-18, 2010 WL 55718, at *6 (S.D. Ohio Jan. 4, 2010) (holding that 18 U.S.C. § 1621 does not provide for a private cause of action).

### III.

Additionally pending before the Court is Plaintiff's motion "for [an] Order to stop Judge Denise Cross and Magistrate Annette Wright from presiding over any hearing or harassing the Plaintiff in any[] way" (doc. 6) (capitalization altered), as well as Defendant's memorandum in opposition thereto (doc. 7) and and Plaintiff's reply memorandum (doc. 8). In light of the undersigned's recommendation to dismiss Plaintiff's complaint, this motion should be denied as moot.

### IV.

Based upon the foregoing analysis, **IT IS THEREFORE RECOMMENDED THAT**:

1. Defendants' joint motion to dismiss (doc. 4) be **GRANTED**;

2. Plaintiff's complaint be **DISMISSED**;

3. Plaintiff's *pro se* motion (doc. 6) be **DENIED AS MOOT**; and

4. This case be **CLOSED**.

August 12, 2013                                              s/ **Michael J. Newman**
                                                             United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).